JOHN SIMONE AND CAMELA SIMONE, PROSECUTORS, v. JUDGE OF THE DISTRICT COURT OF THE CITY OF ORANGE, ETC., ET AL., DEFENDANTS.

Submitted January 15, 1946—Decided May 13, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutors, *Bartholomew & Dwyer* and *Ferdinand J. Biunno.*

For the defendants, *Abraham M. Herman.*

The opinion of the court was delivered by

DONGES, J. This *certiorari* brings up a judgment of the District Court of the Essex County Judicial District, Part 4, in favor of the defendant herein, De Pascale. The suit was

to recover penalties for the alleged violation of regulations promulgated by the Office of Price Administration by authority of the Emergency Price Control statute enacted by the Congress of the United States, respecting rent charges for leased property. Defendant herein, plaintiff below, alleged prosecutors had overcharged him for rent and obtained judgment. That judgment is now under review.

We do not deem it necessary to consider questions raised by prosecutor as to the legality of the judgment by reason of the procedure pursued therein. It is plain that the trial court was without jurisdiction to entertain the cause. In *Zuest* v. *Ingra*, 134 *N. J. L.* 15, it was said:

"The Congress made no declaration that the recovery in these circumstances, should be considered compensatory or the equivalent of liquidated damages.

"Our conclusion is (1) that the authorized recovery or exaction for violation of the Emergency Price Control is a penalty; (2) as such, an action for its recovery is not cognizable in the District Courts of this state ' * * *." *R. S.* 2:8–40. *Frost* v. *Alper*, 134 *N. J. L.* 254.

It is well established that jurisdiction over the subject-matter cannot be waived or conferred by consent or lack of objection thereto.

It follows that the District Court was without jurisdiction over the subject-matter, and that the judgment should be set aside, with costs.